IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS PHARMA INC., ASTELLAS US LLC, and ASTELLAS PHARMA US, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESENIUS KABI USA, LLC,<br><br>Defendant. | Civil Action No. 1:15-cv-00080-LPS |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Fresenius Kabi USA, LLC ("Defendant" or "Fresenius") hereby submits this Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiffs Astellas Pharma Inc., Astellas US LLC, and Astellas Pharma US, Inc. (collectively, "Plaintiffs"). Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiffs are entitled to the requested relief or to any other relief.

**THE PARTIES**

1. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph on that basis.

2. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph on that basis.

3. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies each and every allegation in this paragraph on that basis.

4. Fresenius admits that it is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.

## JURISDICTION AND VENUE

5. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Fresenius admits that Plaintiffs purport to bring an action for patent infringement of United States Patent Nos. 6,107,458 ("the '458 patent") and 6,774,104 ("the '104 patent") arising under the United States patent laws, Title 35, United States Code, and that Plaintiffs purport to state claims such that the Court has subject matter jurisdiction over the action. Fresenius also admits that Plaintiffs purport to bring an action relating to Fresenius's filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act (the "Act"), 21 U.S.C. § 355(j), seeking United States Food and Drug Administration ("FDA") approval to market generic pharmaceutical products. Otherwise denied.

6. Fresenius admits that is a limited liability company organized and existing under the laws of the State of Delaware and that it has a registered agent for service in Delaware. Fresenius also admits that it manufactures and sells pharmaceutical drug products. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied. However, for clarity,

Fresenius states that it does not contest personal jurisdiction for purposes of this action only. Fresenius expressly reserves the right to contest personal jurisdiction in any other case.

7. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied. Fresenius states, however, that it does not contest venue for purposes of this action only.

**PLAINTIFFS' CLAIM FOR RELIEF – ALLEGED PATENT INFRINGEMENT**

8. Fresenius admits, on information and belief, that Astellas Pharma US, Inc. holds NDA No. 021506 for Mycamine® for Injection; IV Infusion (50 mg and 100 mg dosage forms), which contains the active ingredient micafungin sodium. Fresenius admits that the website www.fda.gov displays purported FDA approval letters for NDA No. 021506 for the 50 mg/vial dated March 16, 2005 and the 100 mg/vial dated June 27, 2006. Fresenius admits, on information and belief, that the current edition of the publication Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") lists the '458 and '104 patents as associated with Mycamine®. Except as expressly admitted herein, the allegations of Paragraph 8 are denied.

9. Fresenius admits that the product label for Mycamine® for Injection; IV Infusion states that it is indicated for the "Treatment of Patients with Candidemia, Acute Disseminated Candidiasis, Candida Peritonitis and Abscesses, Treatment of Patients with Esophageal Candidiasis, Prophylaxis of Candida Infections in Patients Undergoing Hematopoietic Stem Cell Transplantation." Otherwise denied.

10. Fresenius admits that the '458 patent is entitled "Cyclic Hexapeptides Having Antibiotic Activity," and, on its face, has an issue date of August 22, 2000. Fresenius admits that

a purported copy of the '458 patent was attached to the Complaint as Exhibit A. Except as expressly admitted herein, the allegations of Paragraph 10 are denied.

11. Fresenius admits that micafungin sodium can be chemically known as Pneumocandin A0, 1-[(4*R*,5*R*)-4,5-dihydroxy-$N^2$ -[4-[5-[4-(pentyloxy)phenyl]-3-isoxazolyl]benzoyl]-L-ornithine]-4-[(4*S*)-4-hydroxy-4-[4-hydroxy-3-(sulfooxy)phenyl]-L-threonine]-, monosodium salt. Fresenius admits that the structure of micafungin sodium can be illustrated as:



The statement regarding what the '458 patent claims is a legal conclusion to which no response is required. To the extent a response is required, denied. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint, and on that basis denies the same.

12. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

13. On information and belief, Fresenius admits that the PTO issued a Certificate Extending Patent Term under 35 U.S.C. § 156 for the '458 patent, purportedly extending the term for 1,265 days. Fresenius admits that the Orange Book lists an expiration date for the '458 patent of March 16, 2019. All other allegations of Paragraph 13 are denied.

14. Fresenius admits that the '104 patent is entitled "Stabilized Pharmaceutical Composition in Lyophilized Form" and, on its face, has an issue date of August 10, 2004. Fresenius admits that a purported copy of the '104 patent was attached to the Complaint as Exhibit B. Except as expressly admitted herein, the allegations of Paragraph 14 are denied.

15. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

16. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

17. Fresenius admits that the Orange Book lists an expiration date for the '104 patent of January 8, 2021. Otherwise denied.

18. Fresenius admits that the PTO assignment database identifies Astellas Pharma Inc. as the owner and assignee of the '458 and '104 patents. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis denies them.

19. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis denies each and every allegation contained therein.

20. Fresenius admits, on information and belief, that Astellas Pharma US, Inc. holds NDA No. 021506. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and except as expressly admitted herein, the allegations of Paragraph 20 are denied.

21. Admitted that Fresenius submitted to the FDA ANDA No. 207344 under Section 505(j) of the Act, 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial

manufacture, use and sale of generic micafungin sodium for injection containing 50 mg/vial and 100 mg/vial of micafungin sodium prior to the expiration of the '458 and '104 patents. Except as expressly admitted herein, the allegations of Paragraph 21 are denied.

22. Fresenius admits that Plaintiffs purport to refer to the "subjects of ANDA No. 207344" as "Fresenius' ANDA Products." Otherwise denied. As used herein, the term "Fresenius's ANDA Products" means the micafungin sodium products for which Fresenius seeks approval in its ANDA No. 207344.

23. Fresenius admits that Fresenius's ANDA Products contain the active ingredient as described in its ANDA, including any supplements thereto. Otherwise denied.

24. Fresenius admits that Fresenius's ANDA Products contain the formulation as described in its ANDA, including any supplements thereto. Otherwise denied.

25. Fresenius is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis denies each and every allegation contained therein.

26. Fresenius admits that its ANDA contains a certification seeking approval to engage in the commercial manufacture, use and sale of Fresenius' ANDA Products before the expiration of the '458 and '104 patents. Except as expressly admitted herein, the allegations of Paragraph 26 are denied.

27. Fresenius denies the allegations of Paragraph 27.

28. Fresenius admits that at the time it filed its ANDA, it was aware of the '458 and '104 patents. Except as expressly admitted herein, the allegations of Paragraph 28 are denied.

29. Fresenius admits that it made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in its opinion and to the best of its knowledge, the '458 and '104 patents are invalid, unenforceable, and/or will not be infringed.

30. Admitted, on information and belief, that Astellas Pharma Inc. received from Fresenius a Notification of Certification for ANDA No. 207344 under Section 505(j)(2)(B) of the Act, 21 U.S.C. § 355(j)(2)(B), and 21 C.F.R. § 314.95(c), dated December 12, 2014 ("December 12 Letter"). Admitted that the December 12 Letter was addressed to the Chief Executive Officer of Astellas Pharma Inc.; the Chief Executive Officer of Astellas Pharma US, Inc., c/o Astellas Pharma Global Development, Inc.; and Oblon, Spivak, McClelland, Maier & Neust. Fresenius admits the letter was not addressed to Astellas US LLC. Except as expressly admitted herein, the allegations of Paragraph 30 are denied.

31. Fresenius states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

32. Fresenius states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

33. Fresenius states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

34. Fresenius states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

35. Fresenius denies that all of the prior art cited in the December 12 Letter with respect to the invalidity of the '458 patent is listed on the face of that patent. Fresenius further states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

36. Fresenius denies that all of the prior art cited in the December 12 Letter with respect to the invalidity of the '104 patent is listed on the face of that patent. Fresenius further states that the December 12 Letter speaks for itself. To the extent the allegations in this paragraph deviate from or otherwise do not reflect or describe the contents of that letter, they are denied.

37. Fresenius denies the allegations of Paragraph 37.

38. Fresenius denies the allegations of Paragraph 38.

39. Fresenius denies the allegations of Paragraph 39.

40. Fresenius denies the allegations of Paragraph 40.

41. Fresenius denies the allegations of Paragraph 41.

42. Fresenius denies the allegations of Paragraph 42.

43. Fresenius denies the allegations of Paragraph 43.

44. Fresenius admits that it seeks approval of ANDA No. 207344. Except as expressly admitted herein, the allegations of Paragraph 44 are denied.

45. Fresenius admits that Fresenius seeks approval of ANDA No. 207344. Except as expressly admitted herein, the allegations of Paragraph 45 are denied.

46. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

47. Fresenius denies the allegations of Paragraph 47.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Fresenius denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

**FIRST AFFIRMATIVE DEFENSE**
**(NONINFRINGEMENT OF THE '458 PATENT)**

Fresenius has not infringed and will not infringe any valid and enforceable claim of the '458 patent directly or indirectly, or either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(INVALIDITY OF THE '458 PATENT)**

Each claim of the '458 patent is invalid for failure to comply with at least one or more of the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidity.

**THIRD AFFIRMATIVE DEFENSE**
**(NONINFRINGEMENT OF THE '104 PATENT)**

Fresenius has not infringed and will not infringe any valid and enforceable claim of the '104 patent directly or indirectly, or either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**
**(INVALIDITY OF THE '104 PATENT)**

Each claim of the '104 patent is invalid for failure to comply with at least one or more of the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidity.

**FIFTH AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

The Complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**
**(STATUTORY SCOPE OF RELIEF)**

The Complaint seeks relief beyond that authorized by 35 U.S.C. § 271(e)(4).

**SEVENTH AFFIRMATIVE DEFENSE**
**(RESERVATION OF RIGHTS)**

Fresenius asserts the above defenses without the benefit of full discovery and investigation, and reserves the right to supplement or amend these affirmative defenses as necessary.

**COUNTERCLAIMS**

Fresenius Kabi USA, LLC hereby alleges the following Counterclaims against Astellas Pharma Inc., Astellas US LLC, and Astellas Pharma US, Inc. (collectively, "Counterclaim-Defendants"):

**THE PARTIES**

1. Fresenius Kabi USA, LLC ("Fresenius") is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.

2. On information and belief, Astellas Pharma Inc. is a Japanese corporation, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

3. On information and belief, Astellas US LLC is a Delaware limited liability company, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.

4. On information and belief, Astellas Pharma US, Inc. is a Delaware corporation, having its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062.

**JURISDICTION**

5. This is a declaratory judgment action arising under the patent laws of the United

States, 35 U.S.C. § 1 et seq. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338. The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. The Court has personal jurisdiction over each of Astellas Pharma Inc., Astellas US LLC and Astellas Pharma US, Inc. because, *inter alia*, they have subjected themselves to the jurisdiction of the Court by filing the Complaint and prosecuting this action, and because, on information and belief, either directly or through agents, they each transact business in, and derive substantial revenue from, activities conducted in Delaware.

7. Venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**FACTUAL BACKGROUND**

8. According to the United States Food & Drug Administration ("FDA") publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations (the "Orange Book"), Astellas Pharma US, Inc. holds approved New Drug Application ("NDA") No. 021506 for Mycamine®.

9. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

10. U.S. Patent No. 6,107,458 (the "'458 patent") is entitled "Cyclic Hexapeptides Having Antibiotic Activity," and states that it was issued on August 22, 2000.

11. U.S. Patent No. 6,774,104 (the "'104 patent") is entitled "Stabilized Pharmaceutical Composition In Lyophilized Form," and states that it was issued on August 10, 2004.

12. Upon information and belief, Astellas Pharma Inc. is the owner of the '458 and '104 patents. Upon information and belief, and as stated in the Complaint, Astellas US LLC is the exclusive licensee of the '458 and '104 patents.

13. Upon information and belief, one or more of the Counterclaim-Defendants caused the '458 and '104 patents to be listed in the Orange Book as patents that claim Mycamine® or methods of using Mycamine®.

14. On January 23, 2015, Counterclaim-Defendants filed this lawsuit alleging infringement of the '458 and '104 patents.

15. Fresenius submitted ANDA No. 207344 (the "Fresenius ANDA") to the FDA under 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of generic micafungin sodium for injection containing 50 mg/vial and 100 mg/vial of micafungin sodium (the "Fresenius ANDA Product"). The Fresenius ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) of the Federal, Food, Drug and Cosmetic Act (the "Act") that the '458 and '104 patents are invalid and/or will not be infringed by the commercial manufacture, use, or sale of the Fresenius ANDA Product.

16. Fresenius sent notice of that certification to Astellas Pharma Inc. and Astellas Pharma US, Inc. on or about December 12, 2014. Upon information and belief, and as Counterclaim-Defendants allege in the Complaint, Astellas Pharma Inc. and Astellas Pharma US, Inc. received that notification.

17. A justiciable controversy exists as to the infringement and validity of the '458 and '104 patents because Counterclaim-Defendants brought an action alleging that the importation, manufacture, use, offer for sale, or sale of the products that are the subject of the Fresenius ANDA would infringe those patents, and Fresenius has denied the alleged infringement and

further alleges that the claims of the '458 and '104 patents are invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '458 PATENT)**

18. Fresenius hereby re-alleges and incorporates by reference the allegations in paragraphs 1-17 of these Counterclaims.

19. Fresenius has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the '458 patent directly or indirectly, or either literally or by the doctrine of equivalents.

20. Fresenius is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '458 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the Fresenius ANDA Product that is the subject of the Fresenius ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '458 patent.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '458 PATENT)**

21. Fresenius hereby re-alleges and incorporates by reference the allegations in paragraphs 1-20 of these Counterclaims.

22. The '458 patent and each of the claims thereof are invalid at least for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

23. Fresenius is entitled to a judicial declaration that all of the claims of the '458 patent are invalid.

**THIRD COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '104 PATENT)**

24. Fresenius hereby re-alleges and incorporates by reference the allegations in paragraphs 1-23 of these Counterclaims.

25. Fresenius has not infringed, is not infringing, and will not infringe any valid and enforceable claim of the '104 patent directly or indirectly, or either literally or by the doctrine of equivalents.

26. Fresenius is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '104 patent either literally or under the doctrine of equivalents; and that the manufacture, use, sale, offer for sale, or importation of the Fresenius ANDA Product that is the subject of the Fresenius ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '104 patent.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '104 PATENT)**

27. Fresenius hereby re-alleges and incorporates by reference the allegations in paragraphs 1-26 of these Counterclaims.

28. The '104 patent and each of the claims thereof are invalid at least for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

29. Fresenius is entitled to a judicial declaration that all of the claims of the '104 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Fresenius prays that the Court enter judgment in its favor and against Plaintiffs as follows:

A. Dismissing Plaintiffs' Complaint with prejudice;

B. Denying Plaintiffs any of the relief requested in the Complaint;

C. Declaring that Fresenius has not and will not infringe any valid and enforceable claim of any patent asserted by Plaintiffs;

D. Declaring that the claims of the '458 and '104 patents are invalid;

E. Declaring that the 30-month time period referred to in 21 U.S.C. § 355(j)(5)(B)(iii) be shortened to expire immediately;

F. Granting Fresenius judgment in its favor on the Complaint and Counterclaims;

G. Finding this case exceptional under 35 U.S.C. § 285 in favor of Fresenius;

H. Awarding Fresenius its cost and reasonable attorneys' fees; and

I. Awarding Fresenius any other relief as the Court deems just and proper.

Dated: February 13, 2015

PHILIPS, GOLDMAN, & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, Delaware 19806-4204
Tel. (302) 655-4200
jcp@pgslaw.com
dab@pgslaw.com

*Of Counsel:*
Daryl L. Wiesen
Kenneth L. Mueller
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax.: 617.523.1231
dwiesen@goodwinprocter.com
kmueller@goodwinprocter.com

Cynthia Lambert Hardman
Daniel P. Margolis
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel.: 212.813.8800
Fax.: 212.355.3333
chardman@goodwinprocter.com
dmargolis@goodwinprocter.com

*Attorneys for Defendant*
*Fresenius Kabi USA, LLC*